UNITED STATES of America,

v.

Jeffrey A. KRADER, Appellant,

United States of America,

v.

Arthur Sacks a/k/a Little, Arthur Sacks, Appellant.

Nos. 00–3745, 01–4510.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 20, 2002.

Decided Jan. 10, 2003.

Before SLOVITER and McKEE, Circuit Judges, and ROSENN, Senior Circuit Judge.

## OPINION

McKEE, Circuit Judge.

Jeffrey A. Krader and Arthur L. Sacks have appealed from their judgments of conviction and sentence arising out of a marijuana distribution conspiracy. For the reasons that follow, we will affirm.

### I.

Because we write only for the parties, it is not necessary to recite the facts of this case. It is sufficient for our purposes to note that on June 30, 1999, a federal grand jury returned a superseding indictment charging Krader and Sacks with conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846 (Count One),[1] and possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Two). The superseding indictment also included a notice of forfeiture listing two properties owned by Krader which were used to facilitate marijuana distribution

and a notice of forfeiture in the amount of $4,350,000 which represented Sacks' direct proceeds from the conspiracy.

On April 7, 2000, pursuant to a written plea agreement, Krader pled guilty to Counts One and Two of the superseding indictment. In the plea agreement, Krader agreed in part to pay a $100,000 fine and further agreed to the forfeiture of two facilitating properties he owned. The plea agreement also informed Krader of the maximum sentence he could receive as a result of his guilty plea. He was informed he could receive a term of imprisonment of forty years, a fine of $4,000,000, a term of supervised release between four years and life, and a $200 special assessment. On November 1, 2000, Krader was sentenced to a term of imprisonment of 58 months, a period of supervised release of five years, a fine of $100,000 and a $200 special assessment.

Sacks also pled guilty to Counts One and Two of the superseding indictment on April 7, 2000. However, on December 5, 2002, the district court vacated Sacks' plea and directed the Probation Office and defense counsel to each arrange for a psychiatric/psychological evaluation of Sacks to determine competency. The competency evaluations determined that Sacks was competent. On June 11, 2000, Sacks again pled guilty to Counts One and Two and on December 14, 2001, he was sentenced to a term of imprisonment of 108 months.

Krader and Sacks each filed timely appeals. Each is discussed separately.

### II.

**A. Krader's Appeal (No. 00–3745).**

**(I). Ineffective Assistance of Counsel.**

■ Krader claims that his counsel was ineffective "for allowing him to plead guilty

---

1. The other charged co-conspirators were Alvin Chacker, Jeffrey Rudner, David Horowitz, Donald S. Hain, Anthony DeAngeles, John T. Parker and Debra F. Parker.

to certain mentioned aspects of the proceedings without seeking the best final disposition for his client." Krader's Br. at 3. However, his ineffectiveness claim is premature. Absent extraordinary circumstances, it is our strong preference to review allegations of ineffective counsel in collateral proceedings under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Sandini*, 888 F.2d 300, 312 (3d Cir.1988). More often than not such claims require an evidentiary hearing, or involve allegations that can not be resolved on the record on a direct appeal. *Id.* That is precisely the situation here because of the vagueness of Krader's claim. It requires additional fact-finding in collateral proceedings.

### (ii). Guilty Plea.

■ Krader claims that "his plea of guilty was made 'unknowingly and unintelligently' with respect to the permissible fine and period of supervised release." Krader's Br. at 3. That claim is baseless. The guilty plea agreement informed Krader of the maximum exposure his plea would subject him to. He knew that he could receive a maximum fine of $4 million and a term of supervised release which was required to be at least four years and could be as long as life. The district court provided the same information during the colloquy. There is absolutely no evidence to support Krader's claim that he was misinformed of the potential sentence he faced as a result of his plea. Rather, we conclude that his plea was knowing and voluntary.

■ Krader further claims that "the imposed fine … was excessive versus his role in the conspiracy and the roles of others involved in the crime of conviction." Krader's Br. at 3. However, that claim does not entitle him to relief. As a general rule, "disparities in sentences among co-defendants do not constitute a valid basis for downward departure in the absence of any proof of prosecutorial misconduct." *United States v. Yeaman*, 248 F.3d 223, 230 (3d Cir.2001). Krader has not advanced any claim of prosecutorial misconduct. All defendants faced similar charges.

Moreover, Krader offers no evidence of disparity in sentencing, and the record does not support that claim. The evidence clearly established that Krader's role in the conspiracy involved the use of two of his properties to facilitate the distribution of the marijuana and it required his direct involvement in the actual distribution. He played a major role in the conspiracy and realized a large financial gain as a result of his role. Accordingly, there is no evidence to support his claim that he received a disparate sentence from those of his co-defendants.

Moreover, Krader fails to mention that all of his co-defendants, except Sacks, not only entered guilty pleas but substantially assisted in the government's prosecution effort and obtained departures on that basis. We have previously rejected purported sentencing disparity as a basis for a downward departure where much of the disparity can be explained by cooperation departure motions received by co-defendants. *Yeaman*, 248 F.3d at 230.

### (iii). Excessive Fine.

Finally, Krader claims that the district court abused its discretion because it imposed an excessive fine and that his "Due–Process rights were violated when the fine portion of his sentence was imposed·and executed without the formal ordering from the Court." Krader's Br. at 3. This claim is without merit.

■ Pursuant to U.S.S.G. § 5E1.2(C)(3) and (C)(4), the fine range at Krader's of-

fense level, i.e., 25, was between $10,000 and $2 million. (The PSR, to which Krader did not object incorrectly stated that a range of $12,500 to $4 million). Krader agreed to pay a $100,000 fine as part of his plea agreement and the district court accepted that portion of the agreement at the plea hearing. That $100,000 fine is well toward the lower end of the appropriate range.

Finally, to the extent that Krader seeks appellate review of the district court's determination of the final sentence, we are without jurisdiction to review his claim. *See* 18 U.S.C. § 3742(a), and *United States v. Denardi*, 892 F.2d 269, 272 (3d Cir. 1989).

## B.  Sack's Appeal (No. 01–4510).

### (I).  Ineffective Assistance of Counsel.

Sacks claims that his counsel was ineffective at sentencing in not seeking a downward departure based on his psychiatric condition[2] and in agreeing to the imposition of a four-level increase for a leadership role in the offense. Sacks' claims are premature. As we noted in disposing of Krader's ineffectiveness claim, this claim must be raised in a properly filed petition for collateral review under § 2255.

### (ii).  Disparate Sentence.

Sacks contends that he is entitled to be resentenced because of the disparity between his sentence and those of his co-defendants. He argues that his conduct and responsibilities for the offense were the same as their's, that all of the defendants pled guilty in front of the same judge and that his sentence is "grossly disproportional to the sentences received by his co-defendants." Sacks' Br. at 8. His claim is without merit.

As we noted in disposing of Krader's disparity argument, Sacks has not put forward any allegation of prosecutorial misconduct. All of the defendants were presented with similar charges. Sacks did not offer substantial assistance to the prosecution and he fails to mention that all of his co-defendants, except Krader, obtained departure motions on that basis. His disparity argument is therefore without merit. *Yeaman*, 248 F.3d at 230. Disparity in sentencing is not objectionable where it is the application of the guidelines that compels the disparity. *United States v. Meza*, 127 F.3d 545 (7th Cir.1996).

Moreover, not only did Sacks fail to cooperate, he had a leadership role in the conspiracy. He played a large role in organizing and financing the distribution of large quantities of marijuana, in contrast to certain other co-defendants who were only hired by Sacks to drive the loads of marijuana to Philadelphia, were paid per trip, were not involved in the redistribution of the marijuana and did not share in the profits of the sale of the marijuana. Sacks' sentence fell within the guideline range and his sentence was not an abuse of the sentencing court's discretion.

### (iii).  Excessive Sentence.

Finally, Sacks argues that the sentence imposed by the district court was excessive. This claim is also without merit. The PSR calculated the adjusted base offense as 31. With a criminal history category of I, the guideline range was 108 to 135 months. The district court imposed the lowest possible sentence within the guideline range.

---

2.  Sacks claims to be schizophrenic. However, the evidence clearly shows that Sacks was able to develop and maintain a multi-person conspiracy which lasted over five years and reaped millions of dollars in proceeds.

To the extent that Sacks seeks appellate review of the district court's determination of the final sentence, we are without jurisdiction to review such a claim for the reasons explained above.[3]

### III.

For all of the above reasons, we will affirm the judgments of conviction and sentence as to Krader and Sacks.

---

3. *See* 18 U.S.C. § 3742(a), and *United States* *v. Denardi,* 892 F.2d at 272.